CAYEY-CAGUAS TOBACCO CO., PLAINTIFF AND APPELLEE, *v.* RAMÍREZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action for Acknowledgment of a Right of Way.

No. 1894.—Decided July 14, 1919.

RIGHT OF WAY—PRESCRIPTION—WAIVER.—When the owner of a dominant tenement has acquired a right of way by user from time immemorial, the fact that the defendant copies into his answer a document of recent date authorizing the plaintiff to travel over the property of one of the defendants for a period of three months, is not of itself sufficient to constitute a waiver of the right of way acquired by prescription, particularly when, as here, the answer does not allege delivery and acceptance of such document and the document was not offered in evidence.

ID.—ID.—A slight change made twenty-five years before in the location of a

portion of a right of way acquired by user from time immemorial does not interrupt the running of the prescription period.

Id.—Id.—When the user of the right of way dates from time immemorial the owner of the dominant tenement has a right to demand acknowledgment of the servitude by prescription.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

*Mr. Joaquín Vendrell* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The Cayey-Caguas Tobacco Company brought suit to establish a right of way over lands of the defendants. The complaint alleged that the plaintiff corporation is the owner of a certain property and lessee of another (describing both); that these two properties are traversed by a road known by the name of "Rincón," leading from kilometer 56-3 of the San Juan-Ponce *carretera* in a northerly direction across the land of defendant José Ramírez to the La Plata River, where the same marks the boundary line of property belonging to the other defendant, Manuel Pérez; thence through lands of the said Pérez to the property of plaintiff; thence through this and lands of Pedro Vázquez to a terminus in a neighborhood road within the municipality of La Cidra; that the road called "Rincón" is plaintiff's only means of communication with the two properties described in the complaint, having been opened and used from time immemorial by the former owners of the lands traversed thereby as a right of way for the use and benefit of the properties connected therewith as a means of communication with other main roads and without opposition from the owners of the properties over which the said road passed; that the defendants, José Ramírez and Manuel Pérez, without any right, have obstructed the said Rincón road, Ramírez by placing a gate under lock and key at the entrance to said road, and Pérez by building two fences, one at Río La Plata and another at a sharp turn in the road, thus depriving plaintiff of the use and enjoyment thereof; that the properties in question belonging to defendants are both situate in the *barrio* of Rin-

cón. but that of Ramírez lies within the municipality of Cayey, while that of Pérez is within that of the municipality of Cidra.

The defendant Ramírez appeals from a judgment for plaintiff and insists that the court below erred:

First, in considering the facts stated in the complaint sufficient to constitute a cause of action;

Second, in not recognizing the legal effect of a document transcribed by defendant in his answer;

Third, in the improper application of the doctrine of prescription through possession from time immemorial;

Fourth, in violating articles 539, 340 and 343 of the former Civil Code, and

Fifth, in rendering a judgment contrary to the evidence.

The theory of the first assignment is that plaintiff sues as lessee, invades governmental functions in seeking to determine the status of a public road, does not describe by metes and bounds either the servient tenements or the strip of ground sought to be subjected to the easement, and does not specify the purpose of the easement so as to indicate the width of the way and the extent of the burden imposed on the servient estates.

Perhaps the complaint does not describe the alleged servitude with sufficient accuracy or detail to support the prayer for record in the registry of property, but the judgment is silent on this point and the description contained in the complaint is sufficient to identify with reasonable certainty the location of the right of way on the grounds.

Aside from any question as to how far the incapacity of plaintiff to sue as lessee and the alleged invasion of governmental functions can be considered in connection with the matter of facts necessary to constitute a cause of action, it will suffice to say that plaintiff also sues as owner and that the complaint does not allege a public road nor seek to recover on behalf or for the use and benefit of the general public.

The document referred to in the second assignment and copied into the answer of the defendant Ramírez, but never offered in evidence, is a written permit dated September 23, 1915, authorizing the plaintiff corporation to travel over the property of defendant with carts and freight wagons for a period of three months from date thereof. Aside from the self-serving character of the alleged permit and granting for the sake of argument that "the defense to the action is founded" thereon within the meaning of section 120 of the Code of Civil Procedure and that the same is such an instrument as is contemplated by the said section, yet the failure of plaintiff to file an affidavit of denial admits only "the genuineness and due execution of such instrument," which might have been issued pending negotiations for settlement and adjustment of the matter in dispute and is not necessarily incompatible with plaintiff's claim to a prescriptive right, nor, without more, sufficient to constitute a waiver or relinquishment of the right of way already vested in plaintiff by user from time immemorial. The answer does not even aver delivery and acceptance of such permit, and if the alleged request or demand therefor on the part of plaintiff can be regarded as a plea of estoppel, the truth of such affirmative matter was not admitted by failure to file an affidavit of denial, and no evidence whatever was offered in support thereof.

The third assignment is based on the proposition that the present right of way over defendant's property has been in use for less than twenty-five years. The finding of the court on this point is that the road in question has existed from time immemorial, some change having been made in the location of a portion thereof after the construction of a bridge over La Plata River, which new route has been in use for more than twenty-five years, and that on adoption of the new route over the lands of Ramírez the old road crossing the same property was closed by him or his predecessors in interest, leaving no suitable outlet for plaintiff other than

the way so substituted for the old road. There is no suggestion of any offer nor indication of a disposition on the part of defendant to reopen the old road over his property, closed by him, and in the circumstances we see no reason why a slight change in the location of a portion of the old road apparently acquiesced in, ratified and adopted by the predecessors in interest of defendant, should be held to have interrupted the running of the prescriptive period. What we have said on this point also disposes of the fourth assignment except in so far as the same raises some question in regard to the sufficiency of the evidence or tends to deny the right of plaintiff to rely on prescription by user from time immemorial as establishing the right claimed.

The bald proposition that the findings of the trial judge are not supported by the evidence, coupled with some vague general statements of what, in the opinion of appellant, the evidence as a whole tends to show, imposes no obligation on this court to comb the testimony for data in support of the contention so made in order to overturn the deliberate judgment of the court below.

Section 1939 of the former code expressly provided that "prescription which began to run before the publication of this code shall be governed by the prior laws," and this was intended to cover all essential changes affecting the subject-matter in substances as well as in the matter of time. 12 Manresa 767; 81 *Jur. Civ.* 73.

"The servitude may have been established by verbal agreement or by public or private document that has been lost or the acquisition of which is difficult or expensive. It might have been or may be established by prescription according to the legislative provisions prior to the Civil Code or under article 1939 of the latter. In all these cases the servitude exists, proof thereof is difficult, and either acknowledgment or judgment may be obtained; the one through acquiescence of the owner of the servient tenement when convinced of the true character of the charge, the other through his opposition, want of consent or obstinate refusal to tolerate the existence of the easement. In the case last mentioned the evidence will go to show

the existence of the easement whether constituted by title or whether acquired by prescription and the judgment is limited to a declaration of the reality of the charge." 4 Manresa, 603.

Among the transitory provisions of the Spanish Civil Code (sec. 1976) the first is to the effect that—

"Rights arising under the legislation prior to this code, out of matters carried out under its rules, shall be governed by said prior legislation, even if the code should regulate them in another manner, or does not recognize the same * * *."

In disposing of a case quite similar to the one at bar the Supreme Court of Spain, in 1898, 83 *Jur. Civ.* 486, held, to quote the syllabus:

"That according to Law XV, Title XXXI, *Partida* Third, for the prescription of discontinuous servitudes, it is necessary that they should have been used from time whereof the memory of man runneth not to the contrary, which is what gives them their immemorial character.

"That a right existing at the time of the publication of the Civil Code being involved, Transitory Rule No. 1 of that code is applicable, and such application does no violence to section 1939."

With regard to the fifth assignment, it will suffice to say that the record as a whole discloses no such manifest error as to require a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.